## George C. Stanley and Sons, Inc.
### v.
## Howard Roy and Olive Roy

[211 A. 2d 243]

April Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith, J. J. and Hill, Supr. Judge**

Opinion Filed June 1, 1965

*Wick, Dinse & Allen* for plaintiff.

*A. Pearley Feen* for defendant.

**Smith, J.** The Roys, dealers in trailers of the mobile type, wished to construct a mobile home park on lands owned by them in Swanton. The plaintiff corporation, engaged in engineering and construction operations, through its representative and engineer, George C. Stanley, had a series of consultations with the Roys relative to such proposed construction. This resulted in the plaintiff submitting to the defendants detailed specifications as well as a map of the proposed park in the form of a contract signed by the plaintiff's representative. The defendants, although requested, never signed the contract but they expressed their approval of it and authorized the plaintiff to proceed with the construction according to the plan and map submitted. The contract price, excluding any extra work that might be necessary, was $12,810.00. At the conclusion of the construction of the park in June, 1962, this amount was paid by the defendants to the plaintiff.

The subject of the controversy appealed here is charges for work performed by the plaintiff for the defendants after the completion of the contract. At the conclusion of such work, the plaintiff presented a bill to the defendants for "extras" performed outside the contract. Upon non-payment, plaintiff brought suit and defendants answered and filed in set-off. Defendants' contention is that the extra work for which they were billed was necessitated by the failure of the plaintiff to properly perform under the contract. They further alleged that plaintiff agreed to perform such extra services without charge to the defendants in return for the defendant excusing the plaintiff from performing other work necessitated, so defendants alleged, from another breach in plaintiff's contract performance.

Trial was had in the Chittenden County Court June 24, and 25th, 1964, resulting in a jury verdict in favor of the plaintiff in the amount of $838.81. Defendants' appeal here is based upon the denial of the trial court of its motions to set aside the verdict and grant a new trial, as well as to three claimed errors in the exclusion of evidence offered by the defendants.

The first ground presented by the defendants in their motion to set aside the verdict and grant a new trial is that the verdict was not supported by the evidence.

> "Such motion cannot properly be granted if there is evidence fairly and reasonably tending to justify the verdict. The evidence must be taken in the light most favorable to the prevailing party and the effect of modifying evidence is to be excluded. The weight of the evidence and the credibility of the witnesses are for the jury to de-

termine and all conflicts are to be resolved against the excepting party." *Whitmore* v. *Mutual Life Insurance Co.*, 122 Vt. 328, 330, 173 A. 2d 584.

The evidence offered by the defendants in support of their set-off was that there was incomplete and improper performance of the contract by the plaintiff in that the grading was improper so that water collected on the park at certain times of the year, that sewer lines were improperly laid in such manner that they became plugged, and that the utility poles were improperly placed upon one of the mobile home streets so as to interfere with the opening of the trailer doors.

But it is the evidence taken in the light most favorable to the plaintiff that we must consider here. Such evidence was that the contract was fully performed and in a proper manner. Plaintiff's evidence was that the defendants were aware that they would have drainage problems after the mobile home park was completed according to the plans, and that further, much of the drainage problem was caused by improper installation of a culvert by the highway department. Plaintiff's evidence also was that tenants in the mobile home court had removed the protective covering over pipes leading into the sewer system, and that children had inserted stones into such openings. In regard to the utility poles, plaintiff's evidence was that they were properly installed, and at locations called for by the map and plans.

Such evidence fairly and reasonably tended to justify the verdict reached by the jury. Conflicts in evidence always present a factual question for the jury's determination, and a losing party cannot have a verdict set aside merely because such determination is not in his favor.

Defendants have sought to argue here that the plans and specifications were defective, and for the reason that Mr. George Stanley was the engineer who drew such plans, as well as in charge of the actual construction, that therefore, Stanley had a dual responsibility to the defendants as both architect and contractor, as a matter of law.

The only question raised by their appeal is the denial of their motion to set aside the verdict and grant a new trial. The ground now attempted to be raised here was not advanced below as a basis for the action requested. The reason why the verdict is claimed to be contrary to law does not appear to have been submitted to the trial court and therefore is not for consideration here. *Porter* v. *Fleming*, 104 Vt. 76, 82, 156 Atl. 903; *Higgins' Admr.* v. *Metzger*, 101 Vt. 285, 143 Atl. 394.

Defendants also excepted to the trial court's failure to set aside the verdict and grant a new trial on the ground that the weight of the evidence failed to support the verdict. This motion is addressed to the discretion of the trial court and is available for review here only when an abuse of discretion has been made to appear. *Russell* v. *Pilger*, 113 Vt. 537, 552, 37 A. 2d 403. No such abuse on the part of the lower court has been made apparent here by the defendant. We find no error.

The defendant next briefs three exceptions to the exclusion of evidence by the trial court which the defendants say was properly admissible. One exception is to the exclusion of evidence offered by the defendants, that a foreman employed by the plaintiff was drinking while on the job.

The defendants did not offer to prove that any defect in the construction work was due ot the drinking habits of the foreman. The issue here was whether the work had been properly performed under the contract under the supervision of Mr. Stanley. Evidence as to the personal conduct of the foreman was immaterial, and might even have been prejudicial to the plaintiff. There was no error in its exclusion.

Defendants' other exceptions to the exclusion of evidence was an offer by the defendants to show the estimated cost of removal of the utility poles, and to the exclusion from evidence of bills offered by the defendants which they claimed were for the cost of labor and material necessitated by the defective work of the plaintiffs.

All of such evidence, of course, was offered in connection with the claim for set-off of the defendants against the plaintiff. The case was submitted to the jury by the trial court with instructions that they could bring in a verdict for the full amount claimed by him, or a verdict for the plaintiff, minus any amount they might find as damages for the defendants as a result of plaintiff's defective performance of the contract, or, if they found for the defendants in set-off, and defendants' damages were more than plaintiff's account, they might render judgment for the defendants for such excess.

The jury returned a verdict for $838.81, the exact amount sought to be recovered by the plaintiff, thus obviously sustaining the complaint of the plaintiff, and rejecting the claim in set-off of the defendants that plaintiff had failed to perform the work as undertaken by it.

None of the evidence excluded was material to the question of

plaintiff's proper performance of the contract which the jury decided against the claim of the defendants.

Error, if any, in their exclusion by the court below would not have changed the result here. No prejudicial error is shown by the plaintiff.

The entry is *"Judgment Affirmed"*.