**Henry J. Weeks and Blanche R. Weeks v. Mildred Burnor, Administratrix of the Estate of Donald Jones**

[326 A.2d 138]

No. 175-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*Adams & Meaker,* Waterbury, for Plaintiffs.

*Theriault & Joslin,* Montpelier, for Defendant.

**Daley, J.** The plaintiffs, Henry J. Weeks and Blanche R. Weeks, husband and wife, brought separate civil actions to recover damages for injuries allegedly received while riding as passengers in an automobile operated by Donald Jones, deceased. The defendant, Mildred Burnor, is the administratrix of Mr. Jones' estate.

The actions were consolidated for trial by jury in the Lamoille County Court. At the close of the plaintiffs' case, the defendant moved for a directed verdict in each case on the ground that there was no negligence established on the part of Mr. Jones. This motion was denied, and the defendant rested without the presentation of any testimony. After the court again denied a renewed motion for a directed verdict made by the defendant, the cause was submitted to the jury, who returned a verdict in favor of the defendant.

Pursuant to V.R.C.P. 59, the plaintiffs moved for a new trial on the ground that the jury's verdict for the defendant was against the weight of the evidence. The motion was granted, and a new trial was ordered. Thereupon, the defendant requested the trial judge to state by specific findings his reasons for granting a new trial. This request was denied.

The defendant moved for and was granted permission to certify the following questions to this Court for review pursuant to V.R.A.P. 5:

1. Whether the Court, in viewing the evidence in a light most favorable to the verdicts for the Defendant in each case, abused its discretion in setting aside the verdicts and ordering a new trial on the ground of being "against the weight of the evidence."

2. Whether the Court, when in the exercise of its judicial discretion, sets aside a verdict and orders a new trial, can refuse to disclose, by Specific Findings the bases for its ultimate conclusion that the Jury reached an unjust and erroneous result.

## Question One

The defendant concedes that the plaintiffs' motion for a new trial called for a discretionary ruling by the trial court. However, she argues that the plaintiffs failed to produce evidence sufficient to satisfy their burden of proof; therefore, as a matter of law, the court could not exercise its discretion and set aside the verdict for the defendant.

A motion for a new trial on the ground that the weight of the evidence fails to support the verdict is addressed to the discretion of the trial court. It is available for review here only when an abuse of discretion is made to appear. *George C. Stanley and Sons, Inc.* v. *Roy,* 125 Vt. 136, 138, 211 A.2d 243 (1965). Abuse of discretion is shown only when the one objecting to the ruling has displayed that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *City of Newport* v. *Town of Glover,* 131 Vt. 61, 65, 300 A.2d 632 (1973).

The exercise of discretion in passing on the question of the weight of the evidence in a motion for a new trial is for the trial court alone. *Russell* v. *Pilger,* 113 Vt. 537, 552, 37 A.2d 403 (1943). This Court will not disturb a ruling setting aside a verdict and granting a new trial as contrary to the weight of the evidence merely because the evidence preponderates in its favor. Our interference with such a ruling is justified only where the evidence is so strongly in the verdict's favor as to leave no reasonable basis for a contrary verdict. *Belock* v. *State Mutual Fire Insurance Co.,* 106 Vt. 435, 443, 175 A. 19 (1934). This Court said in *Grow* v. *Wolcott,* 123 Vt. 490, 494, 194 A.2d 403 (1963):

> In other words, if the state of the evidence is such that the trial court had no right to act as a matter of discretion, then this Court reviews the action as one undertaken as a matter of law. Then, if the action cannot stand as a matter of law, it must be reversed here.

Continuing with *Grow* v. *Wolcott, supra,* 123 Vt. at 495, this Court stated:

> Therefore, even though the ultimate ruling is a discretionary one, there is a threshold test which must be satisfied as a matter of law. At the least, when a verdict

in favor of a defendant not having the burden of proof is set aside, there must be evidence in the case sufficient to satisfy the burden of proof, if viewed in the light most favorable to the plaintiff.

The evidence introduced by the plaintiffs on the question of the liability of Mr. Jones, the operator of the automobile in which they were riding when the accident occurred, consisted of the testimony of a state police officer who investigated the accident, that officer's accident report, photographs of the scene of the accident, and the testimony of the plaintiffs themselves. The testimony of the officer, coupled with the photographs, indicated that the automobile was being operated at an estimated speed of between forty-five and fifty miles per hour when the accident occurred. The highway upon which the automobile was being operated had snow on it at the time of the accident. The automobile was not equipped with snow tires. As the automobile approached a slight left curve, it crossed the highway into the oncoming traffic lane. The operator, in the words of the plaintiff, Mr. Weeks, "went to cut it back and when he did it skidded and went over the bank and hit those guardrails on the highway . . . . He didn't put no brakes on." The other plaintiff, Mrs. Weeks, confirmed those events in her testimony. The impact of the automobile bent two steel guardposts. The automobile rolled over a bank and landed on its wheels some forty to forty-five feet from where it struck the guardposts. The automobile traveled approximately ninety-five feet from where it left the road to where it rolled over. The operator of the automobile, Donald Jones, was killed.

In his instructions to the jury, the trial judge pointed out that there were several statutes that the jury was to consider as factors in reaching a verdict. At the time that the accident occurred, 23 V.S.A. § 1040 required that "[a]ll curves shall be approached and entered with due care to avoid accident, and all vehicles rounding the same shall keep as far to the right-hand side of the highway as reasonably practicable and proceed with due care to avoid accident." 23 V.S.A. § 1181 demanded that "[a] motor vehicle shall not be operated on a public highway . . . in a careless or negligent manner . . . nor in a manner to endanger or jeopardize the safety, life or property of a person."

██ Proof of a breach of a statute which is a safety rule gives rise to a rebuttable presumption of lack of ordinary care on the part of the delinquent. *Dashnow* v. *Myers,* 121 Vt. 273, 280, 155 A.2d 859 (1959). In passing upon the plaintiffs' motion for a new trial, the trial court was required to weigh the evidence to determine whether the defendant effectively met any presumption raised against the operator of the automobile involved in the accident considering the standard of care required by both 23 V.S.A. §§ 1040 and 1181, together with the physical and testimonial evidence presented by the plaintiffs describing the accident. *Id.*

The defendant, in an attempt to establish abuse of discretion, places great emphasis upon the statement of the investigating officer to the effect that the car apparently went into a skid on a slight left-hand curve in the road; and the use of the word "skid" employed by the plaintiffs in their testimony, *i.e.* "skidded" across the road; the car went "skidding" onto the wrong side of the road into the guardrails. He contends that skidding in and of itself is not evidence of negligence, citing *Peterson* v. *Post,* 119 Vt. 445, 128 A.2d 668 (1957), and that the plaintiffs introduced no other evidence upon which it could be found that Mr. Jones failed to exercise the due care required of him.

██ The testimony of the officer and the plaintiffs' was, of course, not rebutted. In testing the weight of the evidence, the trial court was entitled to consider the statutory safety rules applicable to the vehicle operator under the circumstances. That the vehicle approaching a left-hand curve went out of control is certainly not disputable. The duty imposed upon Mr. Jones was to exercise ordinary care for the safety of his passengers. This ordinary care requires an operator of a motor vehicle to have it under reasonable and proper control at all times and that reasonable control requires that the speed of the car be reasonable under the circumstances. As this Court stated in *Williamson* v. *Clark,* 103 Vt. 288, 292, 153 A. 448 (1931):

> The very purpose in running slowly is to enable the driver to bring the automobile quickly to a halt in case of emergency. The test of control is the ability to stop quickly and easily. When this result is not accomplished,

the inference is warranted that the car was running too fast or that a proper effort to control it was not made.

■ When the discretionary grounds of the motion to grant a new trial depend upon the evidence in the case, it is the duty of the trial court to consider that evidence in the light most favorable to the verdict. When the evidence is so viewed, if the judgment of the trial court tells it that the verdict is clearly wrong and unjust because the jury has disregarded the reasonable and substantial evidence, or found against it, through passion, prejudice, or some misconstruction of the matter, that judgment requires that the court's discretion be exercised to set aside the verdict. *Grow* v. *Wolcott, supra,* 123 Vt. at 493–94; *Dashnow* v. *Myers, supra,* 121 Vt. at 282–83.

■ In reviewing the trial court's disposition of a motion for a new trial, this Court is bound to accord to the ruling all possible presumptive support. *Grow* v. *Wolcott, supra,* 123 Vt. at 494. Reviewing the plaintiffs' physical and testimonial evidence concerning the accident, the effect of the safety statutes that were charged to the jury and their presumptive effect, and the fact that the defendant rested without presenting evidence, we cannot say that there was no reasonable evidentiary basis for a contrary verdict to that found by the jury. *Belock* v. *State Mutual Fire Insurance Co., supra,* 106 Vt. at 443. Bearing in mind that the trial court was in a better position to determine the question, the record fails to show that the court's discretion was exercised on grounds or reasons clearly untenable. *Dashnow* v. *Myers, supra,* 121 Vt. at 283; *Belock* v. *State Mutual Fire Insurance Co., supra,* 106 Vt. at 443. No abuse of discretion having been affirmatively shown by the defendant, the first question certified to this Court is answered in the negative.

### Question Two

■ The defendant claims that the trial court refused to disclose any specific findings in support of its order granting a new trial; therefore, it had not complied with this Court's mandated safeguard to prevent the unharnessed exercise of a trial court's discretionary power to set a jury verdict aside as announced in *Grow* v. *Wolcott, supra,* 123 Vt. at 496.

However, the trial court's order granting a new trial contradicts the defendant's claim. It stated that "the verdict is against the weight of the evidence." This was the ground upon which plaintiffs moved for a new trial, and the subject of a hearing on the motion. Therefore, the trial court did, in fact, indicate its reason for setting aside the verdict and ordering a new trial. Although the second question is answered in the negative, we do not see that the procedure followed by the trial court was inconsistent with the orderly and impartial administration of justice. *Cf. Lyons* v. *Ross,* 124 Vt. 86, 87, 196 A.2d 576 (1963).

*For the reasons hereinbefore stated in this opinion, question one is answered in the negative; question two is answered in the negative. The order granting a new trial is affirmed, and the cause is remanded.*