Robert **WHEELER** and Renee Wheeler, Appellees,

v.

**DENTAL EAST, P.C.,** and Dr. Duane Schmidt, Appellants,

and

**Dr. Charles Choi, Defendant.**

No. 91–1402.

Court of Appeals of Iowa.

Oct. 27, 1992.

David J. Dutton, John J. Hines, and Brent L. Winterberg of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellants.

David G. Thinnes of Irvine & Robbins, Cedar Rapids, for appellees.

Heard by OXBERGER, C.J., DONIELSON, J., and McCARTNEY, Senior Judge,* but decided by OXBERGER, C.J., DONIELSON, SCHLEGEL, HAYDEN, & SACKETT, JJ. HABHAB, J., takes no part.

OXBERGER, Chief Judge.

The defendants, Dr. Duane Schmidt and Dental East, P.C., appeal from adverse verdicts in favor of the plaintiffs, Robert Wheeler and Renee Wheeler, arising out of Wheeler's claim Dr. Schmidt was negligent in providing him dental care and treatment.

Wheeler was experiencing tooth and gum pain in August 1987 when he first visited Dr. Schmidt. They agreed Wheeler needed both upper and lower dentures. Five teeth were extracted that day. On October 23, 1987, five more teeth were extracted. Wheeler returned five days later but could not open his mouth sufficiently for further extractions. He suffered from a condition known as trismus, which may be occasioned by infection.

Wheeler returned to Dental East, P.C. again on October 30, 1987, when Dr. Choi

---

* Senior Judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

treated Wheeler for dry socket syndrome, packing the sockets with gauze and prescribing a pain killer. Trismus continued to be a problem on November 2, 1987, when Wheeler again returned to Dr. Schmidt.

Wheeler did not return to Dr. Schmidt after November 2, 1987. On November 3 and 4, 1987, he went to his family physician complaining of constant pain. The family doctor believed Wheeler to be suffering from an infection, cellulitis, and referred him to another local dentist.

On November 8, 1987, Wheeler was referred by Dr. Schmidt to an oral surgeon, who performed surgery placing drains to cope with the fluids in his oral cavity. Wheeler was hospitalized for one week and did not fully recover until April 1988.

Wheeler filed suit asserting negligence, and his wife, Renee, asserted loss of consortium. The Wheelers assert that Schmidt was negligent in failing to administer antibacterial medicines to Wheeler prior to the October 23, 1987, extractions, in failing to diagnose Wheeler's condition (i.e. the infections), and in failing to refer Wheeler to an oral surgeon afterwards. The jury returned a verdict in favor of Wheelers and Dental East appeals.

Scope Of Review

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4. Admissibility of expert testimony is discretionary. *Poyzer v. McGraw,* 360 N.W.2d 748, 752 (Iowa 1985). We are loath to interfere unless a manifest abuse of discretion has resulted in prejudice to the complaining party. *Miller v. Bonar,* 337 N.W.2d 523, 528 (Iowa 1983).

In order to show an abuse of discretion, one generally must show that the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976) (quoting *State v. Burnor,* 132 Vt. 603, 326 A.2d 138, 140 (1974)). As we examine the trial court's ruling, we are mindful that "[t]he general rule in this jurisdiction is one of liberality in the admis-

sion of opinion evidence." *State v. Hummell,* 228 N.W.2d 77, 82 (Iowa 1975).

Discussion

Dental East alleges numerous errors committed by the trial court but the chief issue involves the admission of expert testimony of Dr. Lawrence Huber. Dental East alleges Dr. Huber was not qualified to testify as an expert on tooth extractions.

Iowa Rule of Evidence 702 allows a witness qualified as an expert by knowledge, skill, experience, training or education to testify in the form of an opinion or otherwise if such testimony will assist the trier of fact. The trial court is granted considerable latitude in determining the expert qualifications of a witness preparatory to the rendering of opinion. *Ganrud v. Smith,* 206 N.W.2d 311, 314 (Iowa 1973). The capacity to testify as an expert is relative to the topic under examination. *In re O'Neal,* 303 N.W.2d 414, 420 (Iowa 1981). Only in clear cases of abuse of discretion will the admission of opinion evidence be found prejudicial. *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 11 (Iowa 1977). The discretion of the trial court ceases when the record shows as a matter of law the witness is not qualified or the facts upon which the opinion is based are not sufficiently stated by the witness. *Ganrud,* 206 N.W.2d at 314.

Admittedly, Dr. Huber is not an oral surgeon or a periodontist. However, he testified at length regarding his qualifications. He graduated from Creighton University Dental School in 1960. He took the State Dental Board exam and is licensed to practice dentistry in Iowa. He practiced dentistry in the Air Force for two years. He practiced general dentistry in Davenport, Iowa from 1962 to 1974. He is a member of the Davenport District Dental Society, a division of the Iowa Dental Association. He has been a faculty member at the University of Iowa's Dental School since 1970. He specializes in prosthodontics and is responsible for the occlusion area at the University. Prosthodontics is a field of dentistry specializing in preparation of dentures, crowns, bridges and tooth re-

placement: Occlusion means the way teeth come together and function against each other. He has been involved in the care management of extraction sites. He has performed multiple tooth extractions as recently as three weeks prior to his testimony in this case. He observes infections and the infectious process in the course of his work. He prescribes antibiotics and has observed dry socket syndrome.

We hold Dr. Huber was competent to express an opinion on the appropriate standards of care for the extraction of teeth. We do not find the trial court abused its discretion in allowing Dr. Huber's opinion testimony to be submitted to the jury.

Dental East also claims Dr. Huber should not have been allowed to testify he confirmed his opinion on the issues of the case with other dental experts. Dental East complains his testimony constituted inadmissible hearsay.

We find in the record that Dr. Huber testified he determined the appropriate standard of care from his basic knowledge, experience, and Air Force experience in oral surgery. He then testified he discussed his opinion with an oral surgeon, two periodontists, and a well-respected general practitioner. He did not testify as to the other dentists' statements, comments, or opinions, but merely testified he had discussed the issues with them. We find no record of Dr. Huber's testimony regarding the opinions of others. Accordingly, we find Dental East's argument the district court admitted hearsay testimony inapplicable.

We hold the trial court did not abuse its discretion in allowing Huber's testimony.

We have considered the other issues presented on appeal and find them without merit.

AFFIRMED.