**Anna M. PRATT, Appellee,**

v.

**Roy Lavern PIPER, Jr., Appellant.**

No. 92–1088.

Court of Appeals of Iowa.

March 30, 1993.

John S. Pieters of Pieters, Pieters & Corzine, Waterloo, for appellant.

Kevin D. Engels of Correll & Sheener, Cedar Falls, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

On September 17, 1988, Roy Lavern Piper, Jr. rear-ended an automobile driven by Anna M. Pratt. Pratt subsequently filed suit against Piper seeking damages for injuries she sustained in the collision. The matter proceeded to a jury trial.

At trial, Pratt testified she was rear-ended after she stopped for a yellow light. She claimed she made a gradual stop starting four or five car lengths from the intersection. Piper testified that as he approached the intersection behind Pratt's vehicle, he observed Pratt begin to decelerate and then observed Pratt begin to accelerate again. Piper attempted to follow Pratt's car through the intersection, and, according to Piper, Pratt suddenly began to stop. Piper was unable to stop in time, and he rear-ended Pratt's vehicle.

After the close of all the evidence, Pratt moved for a directed verdict on the issue of liability. The court overruled the motion, and the matter was considered by the jury. The jury found Pratt to be sixty-five percent at fault, and Pratt filed a motion for new trial. The district court granted the motion on the ground that the jury's verdict did not render substantial justice between the parties. The court determined the defendant's liability was greater than the plaintiff's liability as a matter of law. Piper appeals.

We review for an abuse of discretion. In order to show an abuse of discretion, one generally must show that the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *State v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)). "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties." Iowa R.App.P. 14(f)(3) (1992). "The court is slower to interfere with the grant of a

new trial than with its denial." Iowa R.App.P. 14(f)(4) (1992).

Having carefully considered the record in light of these guiding principles, we conclude the trial court did not abuse its discretion in granting the plaintiff's motion for a new trial. The court's exercise of discretion in deciding that the jury's verdict was contrary to the evidence is supported by sufficient evidence in the record.

In the present case, the jury determined the plaintiff was at fault in causing the accident and concluded the plaintiff's fault was a proximate cause of her damages. The court found the jury's assessment that the plaintiff was at fault to be supported by the evidence. However, after thoroughly reviewing its trial notes and considering the arguments and briefs of trial counsel, the trial court was left with "a deep and abiding conviction that substantial justice was not done in this case." Specifically, the court concluded that the evidence indicated the defendant's liability was greater than the plaintiff's liability as a matter of law and, therefore, did not support the jury's finding that the plaintiff was sixty-five percent at fault.

Here, the plaintiff testified the signal light was red when she stopped at the intersection, while the defendant claimed the light was yellow. According to Iowa Code section 321.257(2)(b) (1991),

> [a] 'steady circular yellow' or 'steady yellow arrow' light means vehicular traffic is warned that the related green movement is being terminated and vehicular traffic *shall* no longer proceed into the intersection and *shall* stop. If the stop cannot be made in safety, a vehicle *may* be driven cautiously through the intersection. (Emphasis added.)

Iowa Code section 4.1(36) (1991) indicates the word "shall" imposes a duty and the word "may" confers a power. Accordingly, the plaintiff had a duty to stop at the light and had the power to elect to proceed safely through the intersection if a stop could not be made.

The record supports the conclusion that the plaintiff began braking soon enough before reaching the intersection to safely stop her vehicle which was traveling at forty-five miles per hour. No evidence of skid marks is contained in the record which further indicates the plaintiff did not "slam" on her brakes when she stopped for the intersection.

The defendant was following behind the plaintiff as they approached the intersection and was also traveling forty-five miles per hour. The defendant stopped looking at the plaintiff's car in front of him to assess the traffic to his rear and to his sides in anticipation of proceeding through the intersection. When the defendant again looked forward, he saw the plaintiff coming to a complete stop at the intersection in front of him. The defendant had time to brake prior to rear-ending the plaintiff's vehicle, but nonetheless struck the plaintiff's vehicle while traveling twenty miles per hour.

The trial court found insufficient evidence to support the defendant's proposed "sudden emergency" jury instruction, and the defendant has not challenged this finding. Similarly, the court found insufficient evidence to support a jury question on failure to give a warning signal to a following vehicle. *See* Iowa Code § 321.316 (1991). Even accepting the jury's finding that this accident was proximately caused in part by the plaintiff's "stutter stop," we conclude sufficient evidence exists in the record to support the trial court's decision that the jury's verdict did not effectuate substantial justice.

Accordingly, we find no abuse of the trial court's exercise of discretion in granting the plaintiff's motion for a new trial.

**AFFIRMED.**