Debra WINCHESTER, Plaintiff–
Appellant/Cross–Appellee,

v.

Jeffrey STROTTMAN, Troy Whitnable,
and Rick Klemp, Defendants–
Appellees/Cross–Appellants,

and

Colleen Mosher d/b/a Colleen's Luck
Seven, and Rod Jurgensen d/b/a
Rod's Lounge, Defendants.

No. 93–1848.

Court of Appeals of Iowa.

May 30, 1995.

Thomas P. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellant.

John Tremaine, Sumner, for appellee Jeffrey Strottman.

Frances L. Gohlke of Carny, Gohlke & Thalacker, Waverly, for appellees Troy Whitnable and Rick Klemp.

Heard by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On February 21, 1991, Debra Winchester and Deb Amo were drinking at Colleen's Lucky Seven Lounge in Tripoli. Winchester and Amo left the bar with Jeffrey Strottman, Troy Whitnable, and Rick Klemp in Klemp's Ford Bronco. They drove to Rod's Lounge in Sumner. While en route, they engaged in "ditching" or four wheeling in roadside ditches. The five consumed more alcohol at Rod's and left at approximately 2 a.m. to return to Tripoli.

On the return trip to Tripoli, Winchester became partially disrobed and attempted to have sexual intercourse with Whitnable in the front seat. Amo apparently did not see what was transpiring in the front seat.

Klemp dropped Amo off at her vehicle in Sumner. As Amo left she attempted to communicate with Winchester, but Winchester did not respond. The remaining four left Tripoli and sometime later they returned.

After the Bronco returned to Tripoli, Jeffrey Sanderson and Richard Shields noticed it parked along Main Street. Sanderson walked up to the Bronco and assisted the half-naked Winchester to her home. After

returning Winchester to her home, Sanderson noticed bruises on her knees and legs.

At approximately noon the following day, Winchester went to Allen Hospital in Waterloo and reported a sexual assault, though she remembered nothing of the incident. The Bremer County Sheriff's Department investigated the incident. No seminal fluid was found on Winchester's clothing. The department recovered pubic hairs from the Bronco. With one exception, the hairs were found to be dissimilar to either Strottman, Whitnable, or Klemp's hair. The remaining hair was dissimilar to Whitnable's or Klemp's hair. No conclusion could be reached as to whether it was similar to Winchester's or Strottman's hair.

Winchester brought this action against Strottman, Whitnable, Klemp, Colleen's Lucky Seven, and Rod's Lounge, seeking damages associated with an alleged sexual assault. Winchester settled with Colleen's and Rod's for $10,000. The case against the remaining defendants proceeded to a jury trial.

The jury returned special verdicts, finding against each defendant. It assessed $10,000 in compensatory damages and $5,000 in punitive damages against Strottman. It assessed $25,000 in punitive damages against both Whitnable and Klemp. The court entered judgment on the jury's verdicts.

The trial court granted the defendants' motion for new trial. The court determined the circumstantial evidence did not support the jury's verdicts. Winchester appeals.

■ Our review of the trial court's grant of new trial is for abuse of discretion. *Lehigh Clay Prod., Ltd. v. Iowa Dep't of Transp.*, 512 N.W.2d 541, 543 (Iowa 1994); *Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 13 (Iowa 1990) (citation omitted). In order to show an abuse of discretion, one generally must show that the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)). Moreover, we are slower to interfere with the grant of a new trial than with its denial.

Iowa R.App.P. 14(f)(4); *Lehigh Clay*, 512 N.W.2d at 544. However, when the evidence amply supports the verdict, a trial court abuses its discretion by granting a new trial on the ground that it would have reached a different result. *Lappe v. Blocker*, 220 N.W.2d 570, 573 (Iowa 1974); *Northrup v. Miles Homes, Inc. of Iowa*, 204 N.W.2d 850, 861 (Iowa 1973) (citations omitted).

■ After examining the record, we determine the trial court abused its discretion when it granted a new trial. There is ample evidence to support the jury's verdict. There was evidence Debra Winchester was not bruised at the time Deb Amos left the Bronco. When Shields and Sanderson arrived in Tripoli, however, Winchester was sobbing hysterically and had severe bruises and abrasions over a large part of her body. Winchester's head hair was found in the tailgate and ceiling of the vehicle and also in the duct work under the dashboard. Allen Memorial Hospital diagnosed Winchester's injuries as being the result of an assault. Deputy Jacobsen testified the bruises found on Winchester's body were consistent with an assault. When questioned about what had happened to Winchester, Klemp several times stated, "They did it."

It is well-settled evidence is not insubstantial merely because it would have supported contrary inferences. *Eventide Lutheran Home for the Aged v. Smithson Elec. & Gen. Constr., Inc.*, 445 N.W.2d 789, 792 (Iowa 1989) (citations omitted); *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988) (citation omitted). Taken as a whole, there was sufficient evidence to support the jury's verdict. We reverse the trial court's decision to grant a new trial. The jury's verdict is reinstated. Costs on appeal are taxed to defendant-appellees Strottman, Whitnable, and Klemp.

**REVERSED.**