# IN THE COURT OF APPEALS OF IOWA

No. 21-0532
Filed March 30, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BRUCE CRANE, JR.,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.

     Bruce Crane appeals the district court's denial of his motion to sever three sexual abuse and lascivious acts cases. **AFFIRMED.**

     Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

     Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

The State filed separate criminal complaints accusing Bruce Crane of crimes against three children. The State later moved to consolidate the cases. Crane responded with a resistance to the consolidation motion and a motion to sever the charges. Following a hearing, the district court granted the consolidation motion and denied the severance motion.

The State filed an amended trial information charging Crane with two counts of third-degree sexual abuse and one count of lascivious acts with the first child, one count of third-degree sexual abuse and two counts of lascivious acts with the second child, and one count of lascivious acts with the third child. A jury found Crane guilty on all counts except the single count against the third child.

On appeal, Crane contends "[t]he district court erred in denying [his] motion to sever the counts against him because charges involving multiple, separate sex acts with multiple alleged victims are too prejudicial to join." He concedes our review is for an abuse of discretion. *See State v. Romer*, 832 N.W.2d 169, 181 (Iowa 2013).

Iowa Rule of Criminal Procedure 2.6(1) states:

> Two or more indictable public offenses which arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan, when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

The goals of the rule are "judicial economy and allowing prosecutors more leeway in charging multiple offenses." *State v. Lam*, 391 N.W.2d 245, 251 (Iowa 1986). Those twin goals inform the first part of the analysis under the rule—whether there

was a common scheme or plan. *See Romer*, 832 N.W.2d at 182 (stating "the State had the right to charge multiple counts in the same offense to achieve judicial economy" in connection with whether there was a common scheme or plan). The second part of the analysis turns on whether there is good cause to sever the charges. *See State v. Elston*, 735 N.W.2d 196, 199 (Iowa 2007) ("Although the existence of a 'common scheme or plan' indicates the charges should be joined, the district court nonetheless had discretion to sever the charges for good cause." (citation omitted)). "To prove the district court abused its discretion in refusing to sever charges, [a defendant] bears the burden of showing prejudice resulting from joinder outweighed the State's interest in judicial economy." *Id.*; *see also Romer*, 832 N.W.2d at 183 (dividing the analysis into two parts and stating the second part is whether prejudice outweighed judicial economy).

Crane does not challenge the district court's determination that the offenses were part of a common scheme or plan. His decision to bypass the first prong is understandable; there is no question that "[a]ll of the crimes alleged in this case . . . could be found to have been motivated by his desire to satisfy sexual desires through the victimization of children." *Elston*, 735 N.W.2d at 199; *see also State v. Dicks*, 473 N.W.2d 210, 213–14 (Iowa Ct. App. 1991) (citing "similar acts carried out in similar ways with [the defendant's] long standing and continuing motive to gratify himself and, perhaps, to corrupt the morals of several children").

Crane focuses on the second prong and specifically the possibility that, with consolidation, there would be a greater likelihood of conviction based on an impermissible consideration of his propensity to commit these types of crimes. His argument is premised on Iowa Rule of Evidence 5.404(b), which addresses

whether the "challenged evidence is relevant and material to some legitimate issue other than a general propensity to commit wrongful acts." *State v. Barrett*, 401 N.W.2d 184, 187 (Iowa 1987); *see also State v. Thoren*, ___ N.W.2d ___, ___, 2022 WL 569141, at *8 (Iowa 2022) ("Prior bad acts evidence is always propensity evidence in the sense that it has the 'potential for the jury to draw the inference . . . that because the defendant did this kind of thing before, he did it on the charged occasion.'" (quoting *State v. Richins*, 496 P.3d 158, 166 (Utah 2021))).

The supreme court addressed the argument in *Lam*. The court distinguished the evidentiary rule from the joinder rule, stating the "evidentiary rule deals with what evidence is properly admissible to prove the crime charged. The joinder of offenses rule deals with the more basic question of what crimes can be charged and tried in a single proceeding." *Lam*, 391 N.W.2d at 250. The court said, "The two rules deal with different questions, making the wholesale importation of the evidentiary rule into the law dealing with joinder of offenses inappropriate." *Id.* (quoting *State v. McCrary*, 621 S.W.2d 266, 271 n.7 (Mo.1981)). While *Lam* made this point in the context of the "common scheme or plan" part of the analysis, *Romer* reiterated the point in conjunction with the second prong. There, the court pointed out that the defendant's only argument under the prejudice step of the joinder analysis "pertain[ed] to our evidentiary rule on propensity." *Romer*, 832 N.W.2d at 183. Citing *Lam*, the court stated, "we have previously found that an attempt to equate our evidentiary rule's principles with [joinder] principles is inapposite." *Id; cf. State v. Cox*, 781 N.W.2d 757, 759 (Iowa 2010) (holding unconstitutional Iowa Code section 701.11 (2007) authorizing the admission of "another sexual abuse" in a criminal prosecution for sexual abuse);

*see also Thoren*, ___ N.W.2d at ___, 2022 WL 569141, at *7 (summarizing the holding of *Cox*). To the extent Crane asks us to reconsider *Romer*, we are not at liberty to do so. *See State v. Cook*, No. 17-1524, 2018 WL 6120243, *1 (Iowa Ct. App. Nov. 21, 2018) (citing *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014)) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."). In short, *Romer* forecloses Crane's argument that "[t]he evidence of each allegation was not cross-admissible, which would show prejudice."

We turn to Crane's assertion that "t]he nature of the charges in this case also weigh toward a finding of prejudice" since "[t]he inflammatory nature of the alleged inappropriate sexual conduct with minors makes it difficult for the jury to separate the proof for both cases." The argument is a variant of the propensity argument. In particular, the supreme court has focused on the nature of charges in balancing the probative value of evidence against the prejudicial effect under Rule 5.404(b). *See, e.g.*, *State v. Most*, 578 N.W.2d 250, 254 (Iowa 1998) (stating "[t]he high level of prejudice inherent in evidence of a defendant's prior sex crimes is unquestionable", with a "strong tendency for the jury to use it for an improper purpose" when applying the rule). Assuming the prejudice analysis used in applying that rule may be imported into the joinder analysis, we are persuaded the inherently "inflammatory nature of the offenses" was outweighed by the entwined evidence. *See Romer*, 832 N.W.2d at 183 ("The evidence is clearly relevant and legally intertwined."). Notably, the district court gave the jury a limiting instruction. *See id.*; *State v. Oetken*, 613 N.W.2d 679, 689 (Iowa 2000) ("[The jury] was also admonished to consider [the defendant's] guilt or innocence on each count

separately.").  The fact that the jury found Crane not guilty on one count suggested the jury followed the instruction and did "not consider" the other acts "as proving that [Crane] actually committed" the "charged acts."  *See State v. Wise*, No. 19-1353, 2021 WL 1400771, at *4 (Iowa Ct. App. Apr. 14, 2021) ("[Defendant] ignores the fact that the jurors returned verdicts on lesser included offenses for that date, signaling their ability to set emotion aside in assessing the evidence.").

The district court did not abuse its discretion in granting the consolidation motion and in denying the severance motion.

**AFFIRMED.**