**STATE of Iowa, Appellee,**

v.

**Recoe SUMMAGE, Appellant.**

No. 5–014.

Court of Appeals of Iowa.

March 30, 1995.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., William E. Davis, County Atty., and Hugh J. Pries, Asst. County Atty., for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

Around 8 p.m. on the evening of August 31, 1993, Davenport police officer Eric Court conducted a surveillance of the Trinity Apartment Building. As he observed the front of the building he saw Recoe Summage walk from the building's front stairway to a car stopped on the street out front. Court saw Summage and the person in the car exchange something; however, from his vantage point he could not identify what was exchanged. A while later, Court observed Tom Kelly approach a car in front of the building and make a similar exchange. Court then saw a man approach Summage on the stairs and speak with him for a few seconds. Court saw something small and white in Summage's hand and cash in the man's hand. At this point Court called for assistance.

Court continued to observe the building and saw David Levy appear in the front doorway. Court heard Levy tell Summage and Kelly they were stupid for servicing people outside and were going to get caught. Summage went inside the building, appeared at a second floor window, and yelled at Kelly to send people up to him. Court then heard Levy yell at some juveniles on the corner there was no business and he was leaving.

The juveniles answered they needed more time. Levy eventually left the building with Antwun Echols, and they got into Echols's car and drove away. Court requested police stop this vehicle.

Echols's car was stopped and searched. Police found a plastic bag containing several rocks of crack cocaine on the car's floor. Meanwhile police raided the apartment building and apprehended Summage and Kelly. Summage was wearing a pager and had $250 in cash. Police found a plastic bag with marijuana, a cereal box containing crack cocaine, and several individually wrapped plastic bags of cocaine in various locations throughout the building.

Summage, Kelly, and Levy were charged with possession with intent to deliver a Schedule II substance, failure to affix a tax stamp, and criminal gang participation. On November 22, 1992, Summage filed a motion to join Levy's motions to suppress, to dismiss, and to sever. The court denied the motions.

At Summage's and Levy's jury trial Officer Court testified about statements made by Stephanie Howard. Ms. Howard was sitting on the porch area of the Trinity Apartments on August 31. Officer Court testified he heard her telling Summage he was being greedy by taking all the business and they should take turns. Summage's counsel objected to this testimony; the objection was overruled.

The jury found Summage guilty of possession with intent to deliver and the lesser-included offense of possession on the tax-stamp charge. Levy was found guilty of possession. Summage was sentenced to a term not to exceed ten years on the delivery charge and one year on the possession charge to be served concurrently.

Summage appeals. He argues: (1) the court entered an illegal sentence, (2) the court erred in admitting the evidence of Stephanie Howard's statements, (3) the court abused its discretion in failing to sever, and (4) his counsel was ineffective for failing to object to sixteen exhibits offered into evidence with police exhibit tags attached.

## I. *Illegal Sentence.*

■ Defendant was charged with three offenses: possession with intent to deliver a Schedule II controlled substance—cocaine; failure to purchase and affix drug tax stamps; and criminal gang participation. The jury found defendant guilty of the first offense, possession with intent. The jury also found defendant guilty of a lesser-included offense of the drug tax stamp charge, possession. Defendant was acquitted of the offense of criminal gang participation.

The State concedes Summage's conviction of possession, a lesser-included offense of possession with intent to deliver, should be vacated. As the State commented in its brief, "it is unlikely that the legislature intended multiple punishment in this type of case." Indeed, Iowa Code section 701.9 (1993) states:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

We hold Iowa Code section 701.9 prohibits entry of a conviction for possession in this case.

## II. *Hearsay Evidence.*

At trial, Officer Court testified a Ms. Howard was giving defendant a "tongue-lashing. . . . She stated they were getting greedy, taking all the business, and what they needed to do was to take turns." Officer Court further testified Ms. Howard said she had only "served up that one [expletive deleted]." Defendant contends this testimony was inadmissible hearsay. The State argues alternatively the statements were not hearsay, and even if the statements were hearsay, their admission into evidence did not prejudice defendant.

■ The scope of review for this issue is abuse of discretion. *State v. Maniccia*, 355 N.W.2d 256, 260 (Iowa App.1984). In order to show an abuse of discretion, one generally must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)).

### A. *Not Used to Prove the Truth of the Matter Asserted.*

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R.Evid. 801(c); *see also State v. Deases*, 518 N.W.2d 784, 791 (Iowa 1994). Hearsay is generally inadmissible. Iowa R.Evid. 802.

■ The State claims Ms. Howard's statements were not hearsay because they were not introduced to prove the truth of the matter asserted. The State claims the statements were used to show some type of profit-making venture was ongoing in the neighborhood.

"Courts must be cautious to consider the true purpose of offered testimony in ruling on its admissibility. This is especially critical when considering the admission of apparent hearsay statements not offered for the truth of the matter asserted." *State v. Wells*, 522 N.W.2d 304, 308 (Iowa App.1994) (citation omitted). As our supreme court declared, "we do not blindly accept as controlling the purpose urged by the State. Rather, we review the relevant record to determine if the purpose voiced by the State can reasonably be found to be the real purpose for which the challenged testimony was offered." *State v. Hollins*, 397 N.W.2d 701, 705 (Iowa 1986) (citations omitted). An objective test based on all the circumstances is used. *State v. Sowder*, 394 N.W.2d 368, 371 (Iowa 1986).

Looking at the record before us, there is little doubt the true purpose of the statements was to prove defendant was selling drugs. The State concedes the statements were used to show some sort of profit-making venture was ongoing. This merely begs the question: what profit-making venture? The answer to this question demonstrates the true purpose for offering the statements:

to prove defendant was selling drugs. As such, it was inadmissible hearsay.

## B. *Whole Story of the Crime.*

 The State also claims the statements were not hearsay because it merely explained the entire crime in context. Testimony is not hearsay if it is "received as relevant circumstantial evidence reasonably necessary to complete the whole story of the crime charged." *State v. Leonard,* 243 N.W.2d 887, 890 (Iowa 1976) (citations omitted); *see also State v. Reynolds,* 250 N.W.2d 434, 440 (Iowa 1977) ("Generally, an investigating officer may explain his actions by testifying as to what information he had and its source regarding the crime and the criminal"). This type of evidence is not hearsay because it is not used to prove the truth asserted; the evidence is received without reference to truth or falsity in it. *Leonard,* 243 N.W.2d at 891.

 Our review of the record shows the statements at issue did not complete the picture of the crime. Statements are relevant to complete the story only if they are *reasonably* necessary to that purpose. *State v. Baker,* 293 N.W.2d 568, 574 (Iowa 1980) (emphasis added). Police officers were eyewitnesses to the transactions which took place in this case. Extensive testimony concerning the transactions and the items seized were offered into evidence. The hearsay statements were unnecessary to complete the picture.

## C. *Coconspirator.*

 Under Iowa Rule of Evidence 801(d)(2)(e), a statement offered against a party is not hearsay when it is "a statement by a coconspirator of [the] party during the course and in furtherance of the conspiracy." Conspiracy need not be charged for this exception to apply. *State v. Kern,* 307 N.W.2d 22, 25 (Iowa 1981). The only requirements are the statement be made during the pendency of a conspiracy and in furtherance of a conspiracy. *Id.* (internal quotation and citation omitted).

In this case, the statements made by Ms. Howard were not furthering any conspiracy. If anything, the statements demonstrate she was competing with defendant and wanted him to leave some business for her. Defendant and Ms. Howard were clearly not sharing profits, resources, or customers. Her statements were not admissible under the coconspirator prong of Iowa Rule of Evidence 801(d)(2). We hold the statements at issue were inadmissible hearsay, and the trial court abused its discretion in admitting them.

## D. *Prejudice.*

 As the State correctly points out, although we determine the hearsay evidence should not have been admitted, this cannot be the end of our analysis. We must determine whether the abuse of discretion in admitting the hearsay evidence prejudiced defendant. *See State v. Anderson,* 517 N.W.2d 208, 214 (Iowa 1994) ("Absent any showing of prejudice, there is no basis upon which to predicate a reversal of the conviction.").

"The general rule is that error in the admission of hearsay is presumed prejudicial unless the contrary is affirmatively established." *State v. McKettrick,* 480 N.W.2d 52, 60 (Iowa 1992) (citations omitted). In this case it cannot be affirmatively shown the evidence was not prejudicial.

David Levy, the codefendant in this trial alleged to be participating in this conspiracy to deliver drugs, was acquitted of possession with intent to deliver. The statements made by Ms. Howard were not directed to Mr. Levy, but were directed to Thomas Kelly and defendant. No drugs were actually found in defendant's possession, albeit a pager and over $200 cash were seized. Mr. Kelly entered into a plea agreement. Mr. Kelly testified defendant had not been dealing on the street or, at least, he had not observed any such activity. Under this record, we conclude admission of the statements was prejudicial. As a result, we must reverse and remand for a new trial.

Because of our holding on this issue, we need not reach the other two issues on appeal. Judgment of the trial court is reversed and remanded for a new trial.

**REVERSED AND REMANDED FOR A NEW TRIAL.**