STATE of Iowa, Plaintiff–Appellee,

v.

**Hien Quoc THAI, Defendant–Appellant.**

No. 96–0738.

Court of Appeals of Iowa.

Dec. 29, 1997.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, John P. Sarcone, County Attorney, and Daniel C. Voogt and Jamie Bowers, Assistant County Attorneys, for appellee.

Heard by STREIT, P.J., and VOGEL and MAHAN, JJ.

MAHAN, Judge.

Defendant Hien Quoc Thai appeals his conviction for second-degree murder and terrorism. Thai contends the court erred in failing to suppress his statement to the police because he did not give a knowing, voluntary, and intelligent waiver of his *Miranda* rights. Second, Thai claims ineffective assistance of counsel for failure to object to the court's admission of Thai's statement on the grounds it was induced by promissory leniency. Last, Thai claims the court erred when it admitted hearsay evidence under the co-conspirator exception of the Iowa Rules of Evidence. We affirm.

The police arrested Thai and a number of other individuals in connection with shootings at the Cafe DiVang on August 6, 1995. At the police station a detective gave Thai a form containing the *Miranda* warning written in both English and Vietnamese. The detective read each sentence and an interpreter then translated the statements into Vietnamese if Thai did not understand the detective. After the detective read Thai his rights, Thai spoke without the benefit of an attorney and made incriminating statements.

Thai sought to suppress these statements contending he did not knowingly, voluntarily, and intelligently waive his *Miranda* rights. The court ruled against Thai and allowed the statements.

At trial, Thai objected to the testimony of Toan Vo, one of the other men arrested in connection with the shootings, regarding an alleged agreement to help Chien Le look out for the group of men who had beaten up Chien Le. The trial court overruled the objection and allowed the testimony under Iowa Rule of Evidence 801(d)(2)(E).

**I. VALIDITY OF CONFESSION.** Thai contends the facts and circumstances of the case do not justify a finding of a knowing, voluntary, and intelligent waiver of his *Miranda* rights under the Fifth and Fourteenth

Amendments of the federal constitution. He claims the police took a scared and crying young man, placed him incommunicado in an interrogation room, gave him a *Miranda* form that was woefully inaccurate, failed to ask him if he wished to waive his rights, and then lied to him about the case against him. He asserts the trial court erred by failing to grant his motion to suppress his confession and its use at trial.

■ Our review of constitutional rights is de novo. *State v. Haviland*, 532 N.W.2d 767, 768 (Iowa 1995). The State must prove, by a preponderance of the evidence, constitutional rights were knowingly waived and statements of an inculpatory nature were voluntarily given. *State v. Morgan*, 559 N.W.2d 603, 606 (Iowa 1997). In determining the propriety of the district court's action, this court may consider the evidence received at trial as well as that received at the suppression hearing. *Haviland*, 532 N.W.2d at 768.

■ In *Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706–07 (1966), the Supreme Court mandated that during a custodial interrogation an accused be advised of certain constitutional rights. *State v. Pierson*, 554 N.W.2d 555, 560 (Iowa App.1996) A defendant may waive these rights, however, provided the waiver was made voluntarily, knowingly, and intelligently. *Id.*

■ The evidence shows Thai was calm by the time the detective read Thai his rights and interrogated him. A cadet talked to Thai in Vietnamese and helped to ease his fears. The police gave Thai a *Miranda* waiver form containing Vietnamese translations. Each sentence of the warning is a numbered paragraph. Each English sentence has the Vietnamese translation directly below. Thai contends the translations are inadequate and failed to inform him of his rights. At the suppression hearing, Thai presented testimony of a police-trained expert, and a native of South Vietnam, who testified the language was not completely accurate. The expert also testified the form was ninety-nine percent accurate with a few minor mistakes. Further, as stated by the trial court in its

ruling, Thai was read his Miranda rights in English by a police detective and an interpreter, who is also a police cadet, ensured Thai understood each statement as it was read. The cadet did not translate the statement if Thai indicated he understood it in English. When Thai claimed he did not understand one of the statements, the cadet would translate the sentence into Vietnamese. In some instances the cadet did not translate what the detective said on a word-for-word basis, he paraphrased the right stated by the officer.

■ We do not look for a set of particular words; we must simply determine whether the warning given reasonably relays to an accused his rights as required by the *Miranda* decision. *State v. Schwartz*, 467 N.W.2d 240, 246 (Iowa 1991). We find the warning sufficiently conveyed the information required by *Miranda*. Thai showed some grasp of English by answering the detective's questions and making corrections prior to any translation by the interpreter. He also received translation of any statements he did not understand in English. While the interpretations were not direct quotations of the detective's statements, they were sufficient to relate the requirements of *Miranda* and inform Thai of his rights.

■ Thai contends the detective failed to ask whether Thai wished to waive his rights. After the detective and the interpreter read Thai his rights and asked if he understood, the detective proceeded to ask Thai about the events at DiVang. The detective did not ask Thai if he wished to waive his *Miranda* rights. The Iowa supreme court has previously stated a waiver need not be express. *State v. Mann*, 512 N.W.2d 528, 534 (Iowa 1994). A voluntary decision to talk to an officer may clearly be implied from the fact he did so after being advised he was not required to do so. *Id.*; *see also State v. Davis*, 304 N.W.2d 432, 435 (Iowa 1981). The detective was not required to ask Thai if he wished to waive his rights and Thai's answers to the detective's questions indicate Thai chose to waive his rights.

■ Thai next contends the detective lied to him about the case against him. Without

deciding here whether the detective's statements to Thai were proper, we find they did not play a role in Thai's decision to waive his *Miranda* rights. The detective's statements being challenged by Thai came well into the questioning. By the time the statements were made, Thai had already made the decision to waive his rights by answering the questions being asked by the detective.

For these reasons, we find the trial court correctly ruled against Thai's motion to suppress the statements made by Thai during the questioning. Thai knowingly, intelligently, and voluntarily waived his *Miranda* rights.

## ██ II. INEFFECTIVE ASSISTANCE OF COUNSEL.

We review claims of ineffective assistance of counsel de novo. *State v. Bugely*, 562 N.W.2d 173, 178 (Iowa 1997). Thai asserts ineffective assistance of counsel because his counsel failed to argue the promissory leniency theory as a part of his motion to suppress Thai's statement to the police. Error was not preserved on these issues. We nevertheless consider the arguments here because they inhere in his claim for ineffective assistance of counsel. *State v. Johnson*, 534 N.W.2d 118, 127 (Iowa App.1995).

██ Generally, claims of ineffective assistance of counsel are preserved for postconviction proceedings so that a more complete record may be developed on various issues. *State v. Baker*, 560 N.W.2d 10, 15 (Iowa 1997). "However, they may be resolved on direct appeal when the record adequately addresses the issues." *State v. Kone*, 557 N.W.2d 97, 102 (Iowa App.1996). The record on this issue is insufficient for us to address it on direct appeal. Thai must present this claim in an application for postconviction relief to permit a full development of the record and to give Thai's counsel an opportunity to explain his decisions. We preserve the claim for postconviction relief proceedings.

## ██ III. ADMISSION OF TESTIMONY.

Thai contends the court incorrectly allowed the admission of alleged hearsay evidence as statements made by a co-conspirator under Iowa Rule of Evidence 801(d)(2)(E). The court allowed Toan Vo to testify about an agreement established after Chien Le and others got into an altercation with a group of Vietnamese men from Georgia. According to Vo, Chien Le sought help from the group to be on the lookout for the offending group so he could obtain revenge against them. Under Iowa Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is "a statement by a co-conspirator of [the] party during the course and in furtherance of the conspiracy." Prior to admitting any co-conspirator's statements, the trial court must determine the State has proven the existence of a conspiracy by a preponderance of the evidence. *In re Property Seized From De-Camp*, 511 N.W.2d 616, 621 (Iowa 1994); *State v. Florie*, 411 N.W.2d 689, 695 (Iowa 1987). We review the trial court's determination for substantial evidence of a conspiracy. *Id.* If we determine substantial evidence existed, we must then determine whether the trial court abused its discretion when it ruled a co-conspirator made the challenged statement during the course and in furtherance of the conspiracy. *State v. Summage*, 532 N.W.2d 485, 488 (Iowa App.1995).

██ Conspiracy need not be charged for the rule 801(d)(2)(E) exception to apply. *Id.* The State must prove by a preponderance of the evidence: (1) a conspiracy existed; (2) the defendant and declarant were part of the conspiracy; and (3) the declaration was made during the course and in furtherance of the conspiracy. *State v. Puffinbarger*, 540 N.W.2d 452, 456 (Iowa App.1995). The evidence relied on to establish the conspiracy must include some proof independent of the co-conspirator's statement. *DeCamp*, 511 N.W.2d at 621. However, when making the determination whether such independent proof has been shown, the district court need not completely ignore the co-conspirator's statements. *Id.*

In this instance, after Chien Le's explanation of the fight and his alleged request to be on the lookout so he could exact revenge, there is evidence the defendant went knowingly to the Cafe DiVang and took part in the events. The evidence showed Kiet Nguyen took a call requesting help at the Cafe Di-Vang. Thai and others went to aid their

friend. Toan Vo testified Thai informed him a fight was about to ensue. Toan also testified Thai wore a .38 special in a holster on his waist. The owner of the cafe testified Thai came in minutes before the murder and told the owner not to call the police. Last, the evidence showed Thai and others gathered after the shooting to recap the events. We find substantial evidence a conspiracy existed and the court correctly allowed the testimony of Toan Vo under Iowa Rule of Evidence 801(d)(2)(E).

Also, we find the request by Chien Le to be on the lookout for the Georgians was made in furtherance of the conspiracy.

Thus, the court did not abuse its discretion in admitting the statement.

We have carefully reviewed the issues presented in this appeal and conclude the matter should be affirmed. The issue of ineffective assistance of counsel is left for postconviction relief proceedings.

**AFFIRMED.**