# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1857

_____

Hein Quoc Thai,                              *
                                             *
              Appellant,                     *
                                             *          Appeal from the United States
       v.                                    *          District Court for the
                                             *          Southern District of Iowa.
Terry Mapes,                                 *
                                             *                  [PUBLISHED]
              Appellee.                      *


_____

Submitted: December 13, 2004
     Filed: June 21, 2005

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

HANSEN, Circuit Judge.

An Iowa state court jury convicted Hein Quoc Thai of second degree murder and terrorism, and the court sentenced Thai to 50 years of imprisonment. After failing to obtain state court relief on direct appeal and in postconviction proceedings, Thai filed an application for a writ of habeas corpus, 28 U.S.C. § 2254 (2000), in the United States District Court. The district court[1] dismissed his application and granted

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, adopting the Report and Recommendation of the Honorable Ross A. Walters, Chief United States Magistrate Judge for the Southern

a certificate of appealability.  After careful review, we affirm the judgment of the district court.

## I. Background.

In August 1995 Thai was arrested in connection with a murder at the Café DiVang in Des Moines, Iowa.  An investigation revealed that a Vietnamese group was responsible and that Thai was one of several people at the scene.  Witnesses reported that Thai had possessed a .38 caliber revolver and had instructed the owner of the establishment not to call the police.  At the police station after Thai's arrest, Detective Dennis O'Donnell read Thai his Miranda[2] rights with the help of a translator, Police Cadet Phoukham Tran.  Detective O'Donnell also gave Thai a written copy of his Miranda rights, written both in English and in error-filled Vietnamese.  Thai verbally indicated that he understood his rights, but he was not explicitly asked whether he chose to waive them.  As the interview proceeded, Thai made statements which were later introduced at trial against him.

Although Thai initially denied any involvement in the murder, Detective O'Donnell told Thai that several witnesses had placed him at the scene with a gun.  Thai indicated that he was afraid of what the members of the group (some of whom were sitting in the police station and had seen Thai go into the interrogation room) might do to him if they learned that he had talked to the police.  Detective O'Donnell responded that he would protect Thai and that nothing bad would happen to Thai if Thai agreed to talk, and Thai thereafter made a statement.  Several times during the interrogation, Thai answered Detective O'Donnell's questions in English and without waiting for a translation, indicating that he did understand some English.

District of Iowa.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

Before trial, Thai's lawyer sought to suppress the statements that Thai had made in interrogation, arguing that Thai had not been aware of his rights and that he had been unfairly manipulated by the tactics used in interrogation. At the suppression hearing, an expert testified that there is a cultural distrust of the police in Vietnam and that there were several serious mistakes on the Vietnamese-language Miranda form, rendering the written form ineffective to communicate to a suspect his constitutional rights. However, the same expert testified that the transcript of the Vietnamese translation of the verbal reading of the Miranda warning was ninety-nine percent accurate. At the same hearing, Detective O'Donnell admitted that he had told Thai that witnesses had seen him inside the Café, even though O'Donnell had no such information at the time. The state court denied the suppression motion.

The state court jury convicted Thai of second degree murder and terrorism. On direct appeal, Thai argued that he did not make a knowing and voluntary waiver of his Miranda rights and that his trial counsel was ineffective for failing to object to the admission of Thai's statements taken in interrogation on the further ground that the statement was induced by a promise of leniency from Detective O'Donnell. The Iowa Court of Appeals rejected both arguments and affirmed, concluding that Thai's Miranda waiver was valid. In recounting the evidence before the trial court, the Iowa Court of Appeals erroneously stated that the expert had testified that the written Miranda form was ninety-nine percent correct, even though the testimony had been that the written form was incorrect, but the transcript of the Vietnamese portions of the interview had been ninety-nine percent accurate. The court reasoned that the "warning sufficiently conveyed the information required by Miranda." State v. Thai, 575 N.W.2d 521, 524 (Iowa Ct. App. 1997). The state court of appeals also held that under Iowa law a waiver of Miranda rights need not be express; a waiver may be implied where a suspect chooses to speak after being clearly informed of his rights. Id. In this case, "Thai's answers to the detective's questions indicate Thai chose to waive his rights." Id. The state court of appeals also concluded that Detective O'Donnell's statements to Thai that witnesses had told the officers that they had seen

Thai, though perhaps untrue at the time, did not factor into Thai's decision to waive his Miranda rights. Id. at 524-25. Finally, the court held that the record on Thai's ineffective assistance of counsel claim was insufficient for review on direct appeal. Id. at 525. The Supreme Court of Iowa denied his application for further review.

In 1999 Thai presented his ineffective assistance of counsel claim in a petition for postconviction relief in the Iowa District Court, again arguing that he had been provided the ineffective assistance of counsel when his counsel failed to object to the admissibility of his confession because the confession was a product of Detective O'Donnell's promise of leniency. Thai testified at his postconviction relief hearing that he had understood Detective O'Donnell's willingness to protect Thai as a promise that, if Thai talked, then Thai would be set free and would not be prosecuted. The Iowa District Court denied postconviction relief, and Thai appealed. Reviewing the postconviction petition, the Iowa Court of Appeals found that Detective O'Donnell's statements did not constitute a promise of leniency, and therefore his trial counsel had no duty to raise the issue. Thai v. State, Nos. 0-749, 00-491, 2001 WL 22989 (Iowa Ct. App. Jan. 10, 2001). The Iowa Court of Appeals also noted that Thai's trial counsel had testified at the postconviction relief hearing that he would not have pursued promise of leniency as a ground for suppression because he thought that a Miranda argument was a stronger suppression ground. The Supreme Court of Iowa denied further review.

Thai filed a § 2254 application for a writ of habeas corpus in the United States District Court in December 2001. In addition to his Miranda and ineffective assistance of counsel claims, Thai also argued that the deferential review accorded state court convictions pursuant to § 2254 did not apply to his case because of two factual errors made by the state courts. First he pointed to the erroneous finding of the Iowa Court of Appeals on direct appeal that the Vietnamese translation of the written Miranda form was ninety-nine percent accurate, even though the testimony had actually been that the written form had been riddled with errors. He also pointed

to the finding of the Iowa District Court considering his petition for postconviction relief that his trial court counsel had made a tactical decision not to pursue the theory of promise of leniency. The chief magistrate judge, in a very detailed and thorough Report and Recommendation, recommended that the application be denied. The district court, itself conducting an independent, careful, and thorough review, adopted the recommendation and dismissed the § 2254 application. The district court first determined that § 2254(d) applied despite any alleged factual errors by the Iowa courts because neither error affected the application of § 2254(d). The court found that the factual error by the Iowa Court of Appeals on direct appeal regarding the written <u>Miranda</u> form was not material because the verbal warning had been sufficient to communicate Thai's constitutional rights. As to the alleged factual error made by the state postconviction motion court, the district court was not convinced that there was any factual inconsistency, but even if there was, it was immaterial because the state court had also held that there had been no promise of leniency. The district court also held that the Iowa state courts did not render judgments that were contrary to or an unreasonable application of federal law when they determined that Thai had validly waived his <u>Miranda</u> rights and that Thai did not receive ineffective assistance of counsel.

The district court granted a certificate of appealability on all of the issues for which Thai requested the certificate. Thai makes the same arguments before this court, and we consider them in turn.

## II. Standard of Review.

A district court may grant an inmate's § 2254 application for habeas corpus on a claim "adjudicated on the merits in State court proceedings" only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding," § 2254(d)(2). We will find that the state court's decision was contrary to clearly established federal law "if the state court applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite [that of the Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000).

Thai seeks a de novo review of the state court determinations, arguing that the deferential review outlined in § 2254 does not apply because the state courts unreasonably determined the facts in light of the evidence presented, and because the state courts failed to apply federal law to his claims. We will discuss these issues below in the context of each substantive claim. We note initially, however, that the Iowa state courts clearly addressed the federal nature of Thai's claims. In the direct criminal appeal, the Iowa Court of Appeals framed the question in terms of whether there had been a "knowing, voluntary, and intelligent waiver of [Thai's] Miranda rights under the Fifth and Fourteenth Amendments of the federal constitution." Thai, 575 N.W.2d at 523-24. The decision specifically mentions and cites Miranda v. Arizona, as well as several Iowa state cases that discuss the federal constitutional claims. Likewise, in the Iowa district court's ruling on Thai's application for postconviction relief, the court cites Strickland v. Washington, 466 U.S. 668 (1984), and several Iowa cases that discuss federal law as applied to the claim. Thai v. State, PCR CE 36635, at 4-5 (Iowa D. Ct. Feb. 16, 2000)(Ruling on Application for Postconviction Relief). While the Iowa Court of Appeals itself did not cite Strickland in its opinion affirming the denial of postconviction relief, it squarely decided the ineffective assistance of counsel claim, which was clearly briefed as a federal constitutional claim to that court, by relying on state court cases that cite both Strickland and the United States Constitution. See Thai, 2001 WL 22989, at *1-2.

-6-

### III. <u>Miranda</u> Issues.

Thai first submits that the deferential standard of § 2254(d) does not apply to the state court determinations on his <u>Miranda</u> claims because of factual errors made in the Iowa state courts. We respectfully disagree. While the Iowa Court of Appeals on direct appeal made a mistake in recounting the facts introduced at trial by stating that the written <u>Miranda</u> form was ninety-nine percent correct, there is no evidence that the Iowa District Court had a mistaken view of the facts, nor was there any argument in Thai's state postconviction proceedings that a material mistake of fact had been made at trial. Furthermore, the Iowa Court of Appeals concluded that Thai understood the verbal <u>Miranda</u> warning. We agree with the district court that the error made by the Iowa Court of Appeals in recounting the facts was not material and does not affect our application of § 2254(d).

Thai also maintains that the state court's finding that he understood the <u>Miranda</u> warning as it was explained to him was not a presumptively correct factual finding under § 2254(d) and (e), but was instead a mixed question of law and fact to be reviewed de novo by our court. The United States District Court rejected his argument, holding that "[w]hile the ultimate question of whether a <u>Miranda</u> waiver was knowing and voluntary is one of law . . . the underlying question of whether Thai understood the <u>Miranda</u> rights explained to him is one of fact." (D. Ct. Order at 11; R. at 88). We agree with the district court. In the § 2254(d) context, the Supreme Court has provided that a case's "basic, primary, or historical facts are the factual issue[s] to which the [§ 2254] statutory presumption of correctness dominantly relates." <u>Thompson v. Keohane</u>, 516 U.S. 99, 110 (1995) (alteration in original) (internal marks and citation omitted). These are "facts" in the sense that they are "a recital of external events and [concern] the credibility of their narrators." <u>Id</u>. At the same time, the Court has recognized that "the proper characterization of a question as one of fact or law is sometimes slippery" because some factual issues considered to be within the scope of the § 2254(d) presumption of correctness "extend[] beyond the determination of 'what happened.'" <u>Id.</u> at 110-11. For example, state court

determinations of juror impartiality and whether a defendant is competent to stand trial fall into this category. Id. at 111. "While these issues encompass more than 'basic, primary, or historical facts,' their resolution depends heavily on the trial court's appraisal of witness credibility and demeanor." Id. We hold that the state court determination at issue here also falls within this factual category. The Iowa District Court's determination that Thai understood the Miranda warning was based on the court's reading of the 1995 interview transcript and the court's evaluation of the witnesses' testimony. See State v. Thai, Cr. No. 93541, at 9-10 (Iowa D. Ct. Jan. 2, 1996) (Ruling on Defendant's Motion to Suppress).

As to the merits of his Miranda arguments, Thai argues that the Iowa state courts' conclusion that Thai knowingly and voluntarily waived his Fifth Amendment rights was contrary to or an unreasonable application of federal law as determined by the Supreme Court. In Miranda, the Court held that police officers must inform a suspect of his Fifth Amendment privilege against self-incrimination prior to initiating a custodial interrogation. A suspect may then waive these rights provided that the waiver is knowing, voluntary, and intelligent. Miranda, 384 U.S. at 444, 475. A waiver is "knowing and intelligent" where it is made with full awareness of both the nature of the right being abandoned and the consequences of abandoning the right, and a waiver is "voluntary" where the court can determine that the waiver was a product of the suspect's free and deliberate choice, and not the product of intimidation, coercion, or deception. Moran v. Burbine, 475 U.S. 412, 421 (1986). We review de novo a state court's legal conclusion that a Miranda waiver was valid. Holman v. Kemna, 212 F.3d 413, 420 (8th Cir.), cert. denied, 531 U.S. 1021 (2000); see also Everett v. Barnett, 162 F.3d 498, 500 (7th Cir. 1998).

Thai's assertion is that he did not make an express waiver of his Miranda rights. Although Thai acknowledges that the Supreme Court has recognized implied waiver of Miranda rights, see North Carolina v. Butler, 441 U.S. 369, 373 (1979), Thai

argues that the circumstances of this case do not support a finding of implied waiver because Thai had a limited understanding of English, he was scared during the interview, and Detective O'Donnell lied to Thai about the evidence that the police had against him at the time of the interview. In our view, these factors do not render the state court determination unreasonable. First, the Court has recognized that there are no magic words that automatically satisfy Miranda's constitutional concerns. Missouri v. Seibert, 124 S. Ct. 2601, 2610 (2004). Instead, the appropriate inquiry is whether the warning that Thai received reasonably conveyed his constitutional rights as required by Miranda. Id. Although the written waiver form had language errors, Thai does not dispute the accuracy of the oral Miranda warning. The Supreme Court has never held that an accurate oral warning may not suffice to inform a suspect of his constitutional rights. Instead, the Court has held that waiver is not a question of form, but of substance. Butler, 441 U.S. at 373. Furthermore, the Iowa District Court held that Thai understood the Miranda warning as it was explained to him, and Thai has not presented clear and convincing evidence sufficient to rebut the presumed correctness of this factual finding, a finding affirmed on appeal. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1).

Second, after reviewing the interview transcripts, we conclude that Thai has not shown that his waiver was involuntary because he has not demonstrated that he was subjected to deceptive or coercive police tactics. See Colorado v Spring, 479 U.S. 564, 573-74 (1987). Thai has also failed to demonstrate that his waiver was not knowingly and intelligently made because he has not shown that he did not understand that he had a right to remain silent or that his statements could be used against him. See id. As Police Cadet Tran translated the Miranda warning into Vietnamese, Tran asked Thai repeatedly whether Thai understood. Thai verbally indicated that he understood each portion of his Miranda rights. We conclude that the Iowa courts' determination that Thai waived his Miranda rights by thereafter

making a statement was not contrary to or an unreasonable application of federal law as determined by the Supreme Court.[3]

## IV. Ineffective Assistance of Counsel.

Thai again insists that § 2254(d) deference does not apply to the state court determination regarding his ineffective assistance of counsel claim because the Iowa District Court in the postconviction proceedings allegedly made a factual error when it determined that his trial counsel had made a tactical decision not to pursue the theory of promise of leniency. After careful review, we are not convinced that there is a factual error. As we read the transcript from the hearing, Thai's trial counsel did testify that he had decided that his best strategy at the suppression hearing was to argue that Thai's statements were not knowing and voluntary, and he also explained that an argument for suppression based on a promise of leniency was inconsistent with the knowing and voluntary argument.

Thai argues that he received the ineffective assistance of counsel because his trial lawyer in the Iowa district court failed to argue promise of leniency as a ground for suppression. In order to prevail on a claim for ineffective assistance of counsel,

---

[3]Thai did not argue before the state trial court that his statements should have been suppressed based on Detective O'Donnell's alleged promise of leniency, and therefore, under Iowa law, Thai did not preserve the argument for later state court review. State v. Eames, 565 N.W.2d 323, 326 (Iowa 1997); Earnest v. State, 508 N.W.2d 630, 632 (Iowa 1993); Iowa R. Crim. P. 2.11(2)(c) and (3). We will not judge the reasonableness of the Iowa state courts' determination based on an argument that was never made to that court. See Anderson v. Harless, 459 U.S. 4, 6 (1982) ("[Section] 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.") (internal citations omitted); Perry v. Kemna, 356 F.3d 880, 886 (8th Cir.), cert. denied, 125 S.Ct. 657 (2004). We consider his argument that a promise of leniency was made only to the extent that it pertains to Thai's ineffective assistance of counsel claim.

Thai needed to establish not only that his trial counsel performed deficiently, but also that Thai was prejudiced by his counsel's performance. Williams, 529 U.S. at 390; Strickland, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687. We conclude that the state court did not make a determination that was contrary to or an unreasonable application of federal law as determined by the Supreme Court when the state court dismissed Thai's claim for ineffective assistance of counsel. In our view, Thai's claim fails because Thai cannot show that his counsel performed deficiently by failing to raise a meritless argument.

In order for Thai to demonstrate that his state trial court counsel performed deficiently, Thai needed to establish that"[his] counsel's representation fell below an objective standard of reasonableness." Id. at 688. "[C]ounsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). In such cases, the Supreme Court has recognized a strong presumption that a lawyer's representation at trial fell within the wide range of objectively reasonable professional assistance. Id.; see also Bell v. Cone, 535 U.S. 685, 702 (2002). Thai had the burden of proving that his lawyer's performance was unreasonable under prevailing professional standards, and that his lawyer's actions were not valid trial strategy. Kimmelman, 477 U.S. at 381.

While it is inappropriate for an officer to obtain a statement from a suspect by making an express or implied promise of leniency, Brady v. United States, 397 U.S. 742, 753 (1970); Malloy v. Hogan, 378 U.S. 1, 7 (1964), there was no express or implied promise in this case. The transcript of the interview shows that Thai expressed a fear that if Thai were to give a statement, then members of the group involved in the murder would harm him. Only then did Detective O'Donnell suggest that he would protect Thai. The exchange is not reasonably read as a promise that

-11-

Thai would not be prosecuted, or as a promise that the authorities would be more lenient.  Rather, it appears that Detective O'Donnell intended only to convey to Thai that the members of the group would not hurt Thai if Thai were to give a statement.  Because the promise of leniency argument was factually meritless, his counsel was not ineffective for failing to make this argument, and his counsel's trial strategy cannot be challenged on the basis of a meritless claim.  See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) ("Dyer's claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim Dyer asserts counsel should have pursued.").  The Iowa court's decision was not contrary to or an unreasonable application of federal law as determined by the Supreme Court.

## V. Conclusion.

Because the state court decisions that Thai validly waived his Miranda rights and was not denied the effective assistance of counsel were not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, we affirm the judgment of the district court.

———————————————