# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1502

———————

United States of America,        *

                                *

         Plaintiff - Appellee,     *    Appeal from the United States

                                *    District Court for the

    v.                             *    Northern District of Iowa.

                                *

Julian McClain,              *    [UNPUBLISHED]

                                *

         Defendant - Appellant.    *

———————

Submitted: September 14, 2005
Filed: September 22, 2005

———————

Before BYE, BRIGHT, and SMITH, Circuit Judges.

———————

PER CURIAM.

Julian McClain appeals the sentence imposed by the district court[1] claiming error resulting from the district court's use of a disputed drug quantity calculation in violation of United States v. Booker, 125 S. Ct. 738 (2005), judicial bias, and ineffective assistance of counsel.

McClain withdrew his objection to the drug quantity calculation in the Pre-sentence report. (Tr. at 4-5.) This withdrawal constituted an admission. United States

———————

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993); see United States v. Mora-Higuera, 269 F.3d 905, 912-13 (8th Cir. 2001) (affirmatively declining to object to drug quantity calculation in pre-sentence report at sentencing hearing constitutes a waiver of the issue).  The district court could rely on the admission in sentencing without erring under Booker.  See Booker, 125 S. Ct. at 756.

McClain's judicial bias argument was not raised on appeal and therefore the district court's statements are reviewed under the plain error standard.  United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003).  Under such standard, McClain must demonstrate a "reasonable probability, based on the appellate record as a whole, that but for the error [the Defendant] would have received a more favorable sentence." United States v. Erhart, 415 F.3d 965, 970 (8th Cir. 2005).  McClain has failed to do so.  Indeed, the district court granted a larger downward departure than was sought by the government and indicated its willingness to grant a reduction in sentence should the government file a Rule 35(b) motion.  (Tr. at 23-24, 26.)  The district court's statements were personal characterizations of McClain based upon its interpretation of the submissions before it and did not evince any personal bias requiring recusal under 28 U.S.C. § 455.

McClain argues ineffective assistance of counsel because his counsel decided not to dispute the drug quantity established by reference to McClain's prior attestations. McClain's counsel made an objectively reasonable decision to not risk losing a two-level reduction for acceptance of responsibility by disputing previous attestations.  Finally, the failure to cite to Blakely or Booker created no prejudice for McClain since no Booker error was committed.  Accordingly, McClain suffered no ineffective assistance of counsel.  Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005).

We therefore affirm the district court.

_____