# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3365

_____

|  |  |  |
|---|---|---|
| | * | |
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Veronica Jimenez, | * | [PUBLISHED] |
| | * | |
| Appellant. | | |

_____

Submitted: January 12, 2007
Filed: February 26, 2007

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Veronica Jimenez appeals her conviction for possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1), and the district court's[1] denial of her motion to suppress made prior to trial. After careful review, we affirm.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

# I.

Veronica Jimenez and her 17-year-old son were traveling east on Interstate 80 in Omaha, Nebraska, around 11 p.m. on Saturday, July 23, 2005, when they were stopped by Omaha Police Officer Travis Oetter for a traffic violation. Officer Oetter requested her license and the vehicle's registration from Ms. Jimenez, and then asked her to step out of the car to speak with him. Ms. Jimenez told the officer that the car belonged to her uncle and that she and her son were traveling to Minneapolis for a wedding. She indicated that they had already missed the wedding though, and were planning to leave the car in the city and fly home on Monday, July 25. Ms. Jimenez did not have any airline tickets for a return flight, or money to purchase them. Officer Oetter then approached Ms. Jimenez's son and asked him about their travel plans. Her son told the officer that they were traveling to Minneapolis for a family reunion and planned to stay there for about a week before returning home.

Officer Oetter found the conflicting stories suspicious. In addition, he noticed that the vehicle's driver's side kick panel and molding had been removed and were in the back seat of the vehicle. While speaking to Officer Oetter, Ms. Jimenez appeared to be very nervous–she could not stand still, kicked the ground, and continuously talked. Based on these and other suspicions, the officer asked Ms. Jimenez for permission to search the vehicle. Ms. Jimenez gave her consent, and during the subsequent search the officer noticed what he believed was a package of narcotics wrapped in cellophane and placed in the wheelwell of the vehicle. Ms. Jimenez was arrested, and the car was subsequently towed to the city impound lot and thoroughly searched. During the second search, four wrapped bundles of methamphetamine were found in the wheel-well area.

A grand jury indicted Ms. Jimenez on the possession with intent to distribute charge and she was found guilty after a jury trial. The district court sentenced her to 120 months of imprisonment, and Ms. Jimenez appeals her conviction.

## II.

First we address Ms. Jimenez's argument that the district court erred when it denied her pretrial motion to suppress. The motion to suppress alleged that there was no probable cause to stop the vehicle, detain Ms. Jimenez, or conduct the search; that she did not voluntarily consent to the search of the vehicle; and that statements made during the stop and after her arrest should be suppressed because they were in violation of her Miranda[2] and Fifth Amendment rights. As such, Ms. Jimenez requested that all evidence seized during the search and all statements made by her be suppressed.

The district court adopted the magistrate judge's[3] recommendation that the motion to suppress be denied, with the exception of statements made by Ms. Jimenez between the time she was handcuffed and the time she was advised of her Miranda rights and subsequently waived those rights. Specifically, the court found that there was probable cause to stop the vehicle, that the officer had a reasonable suspicion of illegal activity to justify detaining Ms. Jimenez and to request the search, that the officer could reasonably have believed that Ms. Jimenez consented to the search, and that the statements made by Ms. Jimenez after she was advised of her Miranda rights were voluntary. Ms. Jimenez alleges error in the district court's denial of the motion to suppress because there was no reasonable, articulable suspicion to expand the scope of the traffic stop, no consent to search the vehicle, and the waiver of her Miranda rights was not knowing and voluntary.

When reviewing a district court's decision to deny a motion to suppress, we review factual findings for clear error and conclusions of law *de novo*. United States

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

[3]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

v. Durham, 470 F.3d 727, 733 (8th Cir. 2006). "We will reverse a district court's denial of a motion to suppress only if the district court's decision 'is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made.'" United States v. Harper, 466 F.3d 634, 643 (8th Cir. 2006) (citing United States v. Annis, 446 F.3d 852, 855 (8th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 1, 2006) (No. 06-5731)), petition for cert. filed, __ U.S.L.W. __ (U.S. Jan. 22, 2007) (No. 06-9248).

In the instant case, no error was made. First, Officer Oetter had a reasonable, articulable suspicion to detain Ms. Jimenez and expand the scope of the traffic stop. United States v. Davis, 457 F.3d 817, 822 (8th Cir. 2006) (stating that an officer may briefly detain a person for an investigation if there is a "reasonable and articulable suspicion of criminal activity"), petition for cert. filed, __ U.S.L.W. __ (U.S. Dec. 17, 2006) (No. 06-9076). The conflicting stories regarding the travel plans; the fact that Ms. Jimenez was planning to leave the vehicle in Minneapolis; the lack of tickets, money, and plans to return home after leaving the car; her nervousness when speaking with Officer Oetter; and the fact that the vehicle's kick panel and molding had been removed and were visible in the back seat of the car all support the officer's decision to further investigate. See United States v. Ehrmann, 421 F.3d 774, 781 (8th Cir. 2005), cert. denied, 126 S. Ct. 1099 (2006). While these and the other factors noted in the record standing alone individually may not be enough to raise a reasonable suspicion, when considered together, they are sufficient to warrant Officer Oetter's further investigation. United States v. Blaylock, 421 F.3d 758, 769 (8th Cir. 2005), cert. denied, 126 S. Ct. 1108 (2006).

There was also no clear error in the district court's finding that Officer Oetter reasonably believed that consent was given by Ms. Jimenez to search the vehicle. Ms. Jimenez claims that because Officer Oetter did not return her license and the vehicle registration to her prior to requesting permission to search the vehicle, she was arrested de facto, and as such, any consent given was not voluntary. The voluntariness

-4-

of consent is evaluated in light of the totality of the circumstances.  Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973); United States v. Salazar, 454 F.3d 843, 847 (8th Cir. 2006).  The circumstances in this instance support the district court's findings. Based upon the factors set forth in United States v. Chaidez, 906 F.2d 377, 381 (8th Cir. 1990) (considering relevant factors such as defendant's age, general intelligence and education, intoxication, and knowledge of protections afforded to suspects), the officer's belief that consent was given was reasonable.  There was no indication that Ms. Jimenez did not understand the officer's questions or was under the influence of alcohol or narcotics.  The fact that the officer had not yet returned her documents is not enough in this situation to show consent was involuntary, particularly in light of the fact that the entire encounter was videotaped and showed there was no coercion or intimidation of Ms. Jimenez by the officer.  The video also appeared to show Ms. Jimenez giving consent and participating in the search after Officer Oetter asked for her consent.  Even if Ms. Jimenez was arrested de facto, as she claims, that alone would not negate consent to the search.  Id. (recognizing that "even persons who have been arrested and are in custody can voluntarily consent to a search").  The district court did not err in denying the motion to suppress evidence from the search.

Ms. Jimenez's final argument with respect to the motion to suppress is that the statements she made at the police impound lot, after she was advised of and waived her Miranda rights, should have been suppressed.  Ms. Jimenez contends that the waiver of her Miranda rights was not made voluntarily. "A statement is not voluntary if the totality of the circumstances shows the defendant's will was overborne," and voluntary statements must not be the result of deception, intimidation, or coercion of the person giving the statement.  Annis, 446 F.3d at 855.  Officer Oetter read Ms. Jimenez her Miranda rights in question form, eliciting a response after each one in order to ensure she understood each of the rights.  Afterwards, Ms. Jimenez indicated affirmatively that she understood these rights, chose to waive them, and wished to speak with Officer Oetter.  The fact that Ms. Jimenez was visibly upset is not enough

to override her specific consent to waive her rights and speak to Officer Oetter. She understood the officer's questions, did not appear to be under the influence of any substance, and there is no dispute that proper oral warnings were given by the officer. See Thai v. Mapes, 412 F.3d 970, 977 (8th Cir.) (noting that "[t]he Supreme Court has never held that an accurate oral warning may not suffice to inform a suspect of his constitutional rights."), cert. denied, 126 S. Ct. 746 (2005). There is no indication of coercion, threats, or promises by officers such that would overbear Ms. Jimenez's will. We find no error in allowing the statements, and we affirm the district court's judgment denying the motion to suppress.

Ms. Jimenez also contends that there was insufficient evidence to sustain her conviction. "We review de novo the sufficiency of the evidence, examining the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." United States v. Wintermute, 443 F.3d 993, 1003 (8th Cir. 2006) (internal marks and citation omitted). This standard of review is strict, and we will reverse a verdict "'only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" United States v. Guenther, 470 F.3d 745, 747 (8th Cir. 2006) (citing United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003)).

Ms. Jimenez contends the evidence was insufficient to prove that she had knowledge of the large quantity of methamphetamine that was hidden in the vehicle, and she cites to United States v. Mendoza-Larios, 416 F.3d 872 (8th Cir. 2005), to support her claim. This case is distinguishable from Mendoza-Larios however, because Ms. Jimenez admitted during questioning that she knew something was in the vehicle. She also stated that her son was not involved and had no knowledge of the narcotics, a statement exonerating him, but not herself. At her arrest, Ms. Jimenez acknowledged that there were drugs in her purse, where police found an amount of what turned out to be cocaine. Ms. Jimenez testified that she told the officer she had cocaine, however the officer testified that Ms. Jimenez reported she had crystal meth

in her purse. There was also testimony regarding the fact that Ms. Jimenez only planned to drive the car one way and then leave it in Minneapolis at a designated parking lot, and that at the time of her arrest she had no return airline ticket from Minneapolis to return home, or money to purchase one–all actions often taken by drug couriers. In addition, Ms. Jimenez was the person with control over the vehicle during the trip. See United States v. Cortez, 935 F.2d 135, 143 (8th Cir. 1991) (evidence of possession sufficient based upon numerous facts, including that defendant had "complete and sole control and dominion" over the vehicle in which he was traveling and in which the drugs were found, and defendant's response to investigators' questions), cert. denied, 502 U.S. 1062 (1992). Looking at the record as a whole, there was sufficient evidence from which a jury could reasonably infer that Ms. Jimenez was aware of the large quantity of drugs in the vehicle, and we affirm her conviction.

### III.

Accordingly, we affirm the judgment of the district court.

_____