# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1289
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Duane Strain

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: January 31, 2021
Filed: February 12, 2021
[Unpublished]
_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Michael Strain, who is proceeding pro se, appeals after a jury convicted him of being a felon in possession of firearms, and the district court[1] sentenced him to 105

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

months in prison. Upon careful review, we reject Strain's challenges to his conviction.

We conclude that Strain waived his argument that the evidence obtained from a search should have been suppressed, as he failed to raise the issue in a pretrial motion and has not shown good cause for granting relief from the waiver. See United States v. Horton, 756 F.3d 569, 574 (8th Cir. 2014) (arguments to suppress evidence that are not presented in a pretrial motion to suppress are waived and unreviewable on appeal; court may grant relief from the waiver for good cause). We further conclude that the district court did not abuse its broad discretion by denying Strain's motion for a trial continuance, as Strain had already been granted a continuance, the charges were straightforward, and the trial was imminent. See United States v. Whitehead, 487 F.3d 1068, 1071 (8th Cir. 2007) (court has broad discretion to grant or deny a continuance, discretion is at its zenith when continuance is sought close to the trial date).

We conclude the evidence presented at trial established that Strain possessed the firearms found in his brother's residence. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt). The evidence showed that Strain brought a rifle into a gun shop for repairs; expressed interest in purchasing a rifle, which was later purchased by his brother's girlfriend after he was told he would have to fill out paperwork requiring him to disclose that he was a felon to purchase it; and was found alone in his brother's house with 13 unsecured firearms, including the rifle purchased by his brother's girlfriend and other firearms located near his belongings and sleeping space, along with ammunition and firearm accessories purchased by Strain.

Finally, we conclude Strain has not shown based on the current record that his counsel was ineffective, see Thai v. Mapes, 412 F.3d 970, 979 (8th Cir. 2005)

(counsel is not ineffective for failing to raise meritless argument); and to the extent his ineffective-assistance claim is based on facts outside the record, we decline to address it in this direct appeal, see United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

_____