# IN THE COURT OF APPEALS OF IOWA

No. 18-1385
Filed October 9, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**PHILLIP WILLIAMS,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


 A defendant appeals his sentence following his guilty plea to attempted burglary. **AFFIRMED.**


 Mark C. Smith, State Appellate Defender, (until withdrawal) and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


 Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Phillip Williams pleaded guilty to attempted burglary after surveillance footage showed him carrying items out of his ex-wife's apartment. This appeal is from his sentencing. Williams contends the sentencing court abused its discretion in considering his failure to acknowledge how his actions "affected the victim of this case." Because that court properly considered Williams's limited remorse for his offense, we decline to order resentencing.[1]

When his ex-wife was away on a trip in June 2017, Williams entered her apartment without permission and carried out electronic equipment in an IKEA bag.[2] That conduct led the police to charge Williams with burglary in the third degree, a class "D" felony. After negotiations with the county attorney, Williams entered a guilty plea to attempted burglary, an aggravated misdemeanor.[3] Under that agreement, the parties were free to argue any legal sentence.

At his sentencing, the State argued Williams was "not a good candidate for probation" and recommended a prison term not to exceed two years. In support

---

[1] We review sentencing decisions for an abuse of discretion. *State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to "state on the record its reason for selecting the particular sentence." *Id.* at 273. This requirement "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014)).

[2] Williams and his ex-wife have four daughters together. They divorced in 2015, though Williams stayed with his ex-wife for a month in the spring of 2017 after he received mental-health treatment. He moved out at her request before this crime occurred.

[3] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

of that recommendation, the State pointed to Williams's "significant criminal history." The prosecutor also read the victim impact statement filed by the ex-wife. In that statement, the victim recounted her sleepless nights and increased anxiety after the crime. The prosecutor told the sentencing court:

> He has been given chances at probation, he has been given fines, he has been given lengthy jail stays and he has been given prison sentences.
>     None of those were enough to deter his conduct when he attempted to break into the residence of his ex-wife causing her to be placed in fear for some period of time.

On the other side of the courtroom, defense counsel stressed the recommendation of probation in the presentence investigation report. Defense counsel also highlighted the fact his client had not violated the no-contact order issued to protect the victim.

In his allocution, Williams acknowledged his "terrible" criminal history. But then underscored the "positive path" he had taken in the past year—securing employment, paying child support, and completing substance-abuse treatment. He told the court: "The past year has been an eye-opener. Couple of things I didn't know at the time is I was affecting family, friends, and those close to me. The most damaging was the relationship with my children." Williams continued: "I have also been trying to repair relationships with my children and others that are important to me." He told the court he could succeed on probation this time because he "learned a lot."[4] Although he told the court he had been drafting his allocution

---

[4] Williams hedged a bit on his own prospects: "I just want the opportunity to try to complete probation and I say 'try' because I don't know. I can't tell you that I will complete it successfully, but I am going to try and keep working with what I am doing and do the best that I can with what I have."

statement "over the past couple of months," Williams did not include any direct references to the crime at hand.

After hearing those recommendations from both the State and the defense, the sentencing court addressed Williams saying:

> I have had the opportunity to listen to your statements here today and I have had the opportunity to review the presentence investigation report. I have considered the victim impact statement that was given in this case, and I have listened to the statements of counsel.

The court also considered Williams's age, his prior convictions, the nature of this offense, his employment, and his mental-health and substance-abuse issues. After doing so, the court found probation was not appropriate for these reasons:

> Mr. Williams, the court has some concerns about not only your prior track record of not being mostly successful on community-based supervision but also in the lengthy allocution statement that you gave today I heard nothing about any acceptance or even thought about how this affected the victim of this case. I understand it affected your children.

In this appeal, Williams seizes on that statement from the sentencing court. He acknowledges a sentencing court may consider a defendant's lack of remorse. *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) (concluding "a defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending"). But he asserts that focusing "his remorse on how this matter affected his children did not exclude how it affected his ex-wife." Williams insists case law harbors "no requirement that a defendant specifically name the victim and spell out his regrets concerning that victim." He claims the court considered an impermissible factor when it pinpointed his lack of appreciation for the effect of the crime on the victim.

That impermissible-factor argument is not persuasive on this record. The mission of the sentencing court is to consider all pertinent information before deciding which option "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2018). Pertinent to this sentencing decision are factors such as the defendant's character, his propensity to reoffend, and his chances for reform. *Knight*, 701 N.W.2d at 86–87. A defendant's attitude about his crime informs what he needs to accomplish in his rehabilitation. *State v. Bragg*, 388 N.W.2d 187, 192 (Iowa Ct. App. 1986).

Here, the sentencing court listened while Williams discussed his efforts to reform. Williams appeared to recognize his criminal activity had taken a toll on his relationship with his children. But missing from his allocution was any appreciation of the harm this offense inflicted on his ex-wife and her sense of security. He limited his expression of remorse to what his crime "cost [him in] custody, visitation, [and] phone contacts . . . [f]or the better part of a year." The sentencing court properly considered Williams's lack of attention to the victim's situation—among the many factors it weighed before choosing to send him to prison. *See State v. Dicks*, 473 N.W.2d 210, 216 (Iowa Ct. App. 1991) (holding court appropriately noted defendant's "lack of concern about the victims" when imposing prison sentence).

Because nothing in this record shows the sentencing court abused its discretion by relying on an improper factor, we affirm the sentence imposed.

**AFFIRMED.**